# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **PEOPLE SOURCE STAFFING PROFESSIONALS L.L.C.** | **CIVIL ACTION NO. 3:19-CV-00430** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ANNA ROBERTSON, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

On April 5, 2019, People Source Staffing Professionals, L.L.C. ("People Source") filed

the above-captioned matter in federal court on the basis of diversity jurisdiction. 28 U.S.C.

§1332. Federal courts, however, are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*,

243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the

party invoking the federal forum. *Id*. Further, when jurisdiction depends on diversity of

citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of*

*Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted)

(emphasis in citing source). This rule requires "strict adherence." *Id*.

Having reviewed the record, the court notes various deficient or ambiguous allegations of

jurisdiction. **First**, the complaint alleges that People Source is a limited liability company

organized under the laws of the State of Oklahoma, with its principal place of business in

Oklahoma City, Oklahoma. (Compl., ¶ 1). For purposes of diversity, however, the citizenship

of a limited liability company ("LLC") is determined by the citizenship of all of its members.

*Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[1] Moreover, for each

---

[1] Under Louisiana law, a limited liability company is an unincorporated association. La. R.S.

member of an LLC that is itself an LLC or partnership, its members and their citizenship must be

identified and traced up the chain of ownership until one reaches only individuals and/or

corporations. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see

also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern

the citizenship of an LLC, the court must trace citizenship "down the various organizational

layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007)

("citizenship must be traced through however many layers of members or partners there may

be").

**Second**, the complaint alleges the residence for each individual defendant. For

individual parties, however, the courts have equated domicile with citizenship. *Mas v. Perry*,

489 F.2d 1396 (5th Cir. 1974). "Domicile" is not synonymous with "residence;" one can reside

at one place but be domiciled in another, and one can have more than one residence, but only one

domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597,

1608 (1989). Therefore, plaintiff must allege each individual defendant's domicile.

Accordingly, within the next seven (7) days from the date of this order, plaintiff is

granted leave of court to file an amended complaint for the limited purpose of establishing

diversity jurisdiction. *See* 28 U.S.C. § 1653.[2] If plaintiff fails to so comply, or if jurisdiction is

---

12:1301A(10). However, the law of the state where the plaintiff LLC is organized may differ.
If so, plaintiff may address this issue in its amended complaint.

[2] Lest the parties suspect that the court is engaged in a hyper-technical exercise that exalts form
over substance, the undersigned observes that the Fifth Circuit takes these matters seriously.
*See e.g. Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530 (5th Cir. 2017)
(party asserting jurisdiction failed to establish complete diversity, thereby requiring vacatur of
the district court's judgment, with instructions to remand the matter to state court after four years
of litigation); *Mullins v. TestAmerica, Inc.*, 300 Fed. Appx. 259 (5th Cir. Nov. 2008) (remanding
to district court to address deficient jurisdictional allegations; *Smitherman v. Bayview Loan*

found to be lacking, then dismissal will be recommended.   Fed.R.Civ.P. 12(h)(3).

Also pending before the undersigned, on reference from the District Court, is defendants'

motion for more definite statement [doc. # 13].   Plaintiff's deadline to file a response to the

motion is May 27, 2019.   *See* Notice of Motion Setting [doc. # 16].   However, because

plaintiff's motion for entry of preliminary injunction, *see* doc. # 21, is presently set for hearing

on June 10, 2019, it is necessary to compress the briefing schedule.   Accordingly, within the

next seven (7) days from the date of this order, plaintiff may amend its complaint to resolve

some or all of the issues raised in the motion, and/or shall file its response in opposition to

motion.   Any reply brief is due within seven (7) days thereafter.

IT IS SO ORDERED.

In Chambers, at Monroe, Louisiana, this 9th day of May 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

*Servicing, L.L.C.*, 2017 WL 113919 (5th Cir. Jan. 11, 2017) (remanding to district court because notice of removal did not identify members of LLC or their citizenship); *Howery v. Allstate Ins. Co.*,   243 F.3d 912 (5th Cir. 2001) (dismissing case because record did not contain allegations establishing complete diversity).