# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **PEOPLE SOURCE STAFFING PROFESSIONALS, LLC** | **CIVIL ACTION NO. 3:19-CV-0430** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ANNA ROBERTSON, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is Defendant Williamson Consulting Group, L.L.C.'s Notice of Motion and Motion to Compel Arbitration and for Stay of Proceedings ("Motion to Compel Arbitration") [Doc. No. 71]. Plaintiff People Source Staffing Professionals, LLC ("People Source") did not file an opposition memorandum.

For the following reasons, the Motion to Compel Arbitration is GRANTED.

## I.  BACKGROUND

People Source, a limited liability company with its principal place of business in Oklahoma City, Oklahoma, brought this action against Anna Robertson, Kathy Williamson, Will Source, Inc., and Williamson Consulting Group, LLC ("WCG").[1]  WCG is a limited liability company existing under the laws of the State of Louisiana, with a principal place of business in in Monroe Louisiana, and with one member/manager, Wayne Williamson, who is domiciled in Louisiana.

People Source asserts claims of specific performance and breach of contract against WCG.  People Source claims that WCG:

---

[1] Claims originally asserted against Wayne Williamson have been re-asserted against WCG. [Doc. No. 66].

(a) agreed not to use or disclose any of People Source's proprietary business information or trade secrets; (b) agreed not to solicit People Source's customers; (c) agreed not to solicit People Source's employees; and/or (d) agreed not to compete with People Source.

[Doc. No. 66, ¶121]. People Source further asserts that WCG "engaged in a civil conspiracy to violate its contractual obligations to People Source by attempting to usurp People Source's Louisiana operations, including its proprietary business information and trade secrets, its inventory of prospective temporary employees, customers, and its employees, for its own personal gain." *Id.* at ¶ 124. As a result, People Source contends that it "has suffered, and continues to suffer financial losses, as well as other losses, such as harm to goodwill and business reputation, which constitute irreparable injuries for which People Source cannot be adequately compensated." *Id.* at ¶136.

On February 25, 2020, WCG filed the instant motion. WCG relies on the Asset Purchase Agreement, one of many agreements by which People Source purchased the assets of Diversity One, Inc. and Diversity One of Lafayette, LLC. Article 1, §1 of the Asset Purchase Agreement provides, in pertinent part:

> "Transaction Documents" means this Agreement, the Bill of Sale, as described herein, the Assignment and Assumption Agreement, as described herein, the Promissory Note, as described herein, the Ruston Lease Agreement and the Monroe Lease Agreement, as described herein, Kathy's Employment Agreement, as described herein, Wayne's Consulting Agreement, as described herein, and any other documents contemplated in this Agreement to be executed by any of the Parties and such other documents as any of the Parties hereto reasonably believe are necessary to close the transactions contemplated herein.

[Doc. No. 48-1]. It is clear from the "Transaction Documents" definition that the Asset Purchase Agreement and other contemplated executed agreements, including the Williamson Consulting Agreement, were intended to be integrated as part of the overall transaction. *See also*

[Doc. No. 48-1, §5.7]. Additionally, Article 6 of the Asset Purchase Agreement refers to the Consulting Agreement in §6.2.4 and in §6.4. Article 8 of the Asset Purchase Agreement provides for the Seller's indemnification obligations, and §8.2 specifically provides that a Seller's obligation to indemnify the Buyer (i.e., People Source) extends to claims arising from breaches in obligations found in "Transaction Documents."

Finally, Article 9 of the Asset Purchase Agreement provides, in § 9.6, that this was the entire agreement of the parties and, in §9.8, that any disputes will be arbitrated. Specifically, § 9.8 provides:

> Arbitration. Settlement of disputes under this Agreement shall be resolved by arbitration. Arbitration shall be by a single arbitrator experienced in the matters at issue and selected by Buyer and Seller in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the"Rules"). The arbitration shall be held at such place in Louisiana and shall be conducted in accordance with the Rules. The decision of the arbitrator shall be in writing and final and binding as to the matters submitted under this section; and, if necessary, any decision may be entered in in any court of record having jurisdiction over the subject matter or over the party against whom the judgment is being enforced. The determination of which party (or combination of them) shall bear the costs and expenses of such arbitration proceeding shall be determined by the arbitrator. The arbitrator shall have the discretionary authority to award that all or a part of the reasonable attorneys' fees of one party in connection with the arbitration shall be reimbursed by another party.

Any opposition to WCG's Motion to Compel Arbitration was due on March 17, 2020. People Source did not oppose the motion.

## II. LAW AND ANALYSIS

The Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. ("FAA"), is the substantive law controlling the validity and enforcement of arbitration agreements. *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 473 (5th Cir. 2002). The FAA provides that written agreements to settle controversies by arbitration "shall be valid, irrevocable, and enforceable, save upon such

grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Walton*, 298 F.3d at 473. Additionally, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. However, the FAA also has a "saving clause [that] allows courts to refuse to enforce arbitration agreements 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1622 (2018) (quoting § 2). "The clause 'permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id.* (quoting *ATT Mobility, LLC* v. *Concepcion*, 563 U.S. 333, 339 (2011)).

Courts consider two factors in ruling on a motion to compel arbitration: "(1) whether a valid agreement to arbitrate between the parties exists; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Painewebber Inc. v. Chase Manhattan Private Bank (Switz.),* 260 F.3d 453, 462 (5th Cir. 2001) (internal quotation marks and citation omitted); *see also Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 914 (5th Cir. 2014) (quoting *Sherer v. Green Tree Servicing, LLC*, 548 F.3d 379, 381 (5th Cir. 2008). "[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 297 (5th Cir. 2004) (citing *Gilmer v. Interstate/ Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)); *see also* 9 U.S.C. § 4.

"The first step of the analysis—the validity of an agreement—is governed by state law contract principles." *Sharpe*, 769 F.3d at 914 (citing *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013)). Under Louisiana law, parties may reciprocally bind themselves to

4

arbitration agreements. LA CIV. CODE ANN. ARTS. 3099–3100 (2015). Such agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." LA. STAT. ANN. § 9:4201 (2009).

It is undisputed that the parties entered into the Asset Purchase Agreement as part of the sale of the above-described entities, and the Asset Purchase Agreement contains an arbitration agreement. People Source has not presented any arguments or evidence to suggest that the agreement is unenforceable.

Under the second part of the analysis, the Court also find that People Source's claims are within the scope of the Asset Purchase Agreement. This lawsuit contemplates a dispute arising from the very transaction documents referred to in the Asset Purchase Agreement and are therefore subject to arbitration.

Finally, under 9 U.S.C. § 3,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had* in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

(emphasis added). Therefore, the Court will stay all further proceedings as to WCG only. The claims against the other Defendants may proceed.

## III. CONCLUSION

For these reasons, WCG's Motion to Compel Arbitration is **GRANTED**. People Source's claims against WCG are STAYED pending the outcome of arbitration.

Monroe, Louisiana, this 19th day of March, 2020.

                                              **TERRY A. DOUGHTY**
                                     **UNITED STATES DISTRICT JUDGE**