# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**PEOPLE SOURCE STAFFING**　　　　　　　**CASE NO.  3:19-CV-00430**
**PROFESSIONALS L L C**

**VERSUS**　　　　　　　　　　　　　　　　**JUDGE TERRY A. DOUGHTY**

**ANNA ROBERTSON ET AL**　　　　　　**MAG. JUDGE KAYLA D. MCCLUSKY**

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. No. 94] filed by the Defendants, Anna Robertson ("Anna"), Will Source, Inc. ("Will Source"), Kathy Williamson ("Kathy"), and Wayne Williamson ("Wayne") (collectively "Defendants"). An opposition was filed by Plaintiff, People Source Staffing Professionals, LLC ("People Source") [Doc. No. 100] on April 9, 2021. A Reply and Motion to Strike [Doc. No. 102] was filed by Anna, Will Source, Kathy and Wayne on April 16, 2021. An Opposition to the Motion to Strike [Doc. No. 108] was filed by People Source on May 11, 2021.

For the reasons set forth herein, Defendants' Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**.

Also for the reasons set forth herein, Defendants' Motion for Summary Judgment is **GRANTED**.

## I.　　BACKGROUND AND PROCEDURAL HISTORY

On April 5, 2019, People Source filed a Complaint and Request for Preliminary and Permanent Injunctive Relief [Doc. No. 1] against Anna, Wayne, Kathy, Shauna Bailey ("Shauna")[1], and Will Source. The Complaint was amended on May 17, 2019 [Doc. No. 24], and

---

[1] Shauna Bailey was later clarified to be Shauna Bradley.

on December 27, 2019 [Doc. No. 66].  In the Second Amended Complaint, Williamson Consulting Group, Inc. ("Williamson Consulting") was added as a defendant.[2]

People Source alleges that on February 1, 2016, it acquired locations in Monroe and in Ruston, Louisiana, from Diversity One, Inc. ("Diversity One"), owned by Defendants, Wayne and Kathy. People Source is in the business of providing temporary staffing for their employer customers.  People Source alleges it employs approximately 10,000 temporary staff employees, with its corporate office in Oklahoma City, Oklahoma, and additionally has eleven (11) offices located throughout Oklahoma, Arkansas, Tennessee, and Louisiana.

People Source's lawsuit resulted from a "mass resignation" by People Source employees on March 15, 2019.  People Source alleges the Defendants conspired to set up and did set up Will Source, which directly competes with People Source.  People Source also alleges that Anna was an Area Manager for the Louisiana People Source offices in Monroe and Ruston and was later promoted to Regional Vice-President; that Wayne signed a Consulting Agreement with People Source; that Kathy was an employee of People Source who signed an Employment Agreement; and that Shauna was an employee of People Source who signed a Non-Compete and Non-Solicitation Agreement.  Further, People Source alleges that Will Source was an entity set up by the other Defendants to directly compete with People Source in the temporary staffing business.

People Source further alleges the Defendants used People Source trade secrets and other confidential information in their attempt to compete with People Source's temporary staffing business in Louisiana.  People Source asks for a temporary and permanent injunction against the Defendants.  People Source sets forth eight (8) additional causes of actions against the Defendants: (1)  specific performance against Anna, Wayne, and Shauna;  (2)  breach of contract against Kathy,

---

[2] Williamson Consulting was dismissed on March 20, 2020 [Doc. No. 76].

2

Wayne and Shauna; (3) a violation of the Louisiana Uniform Trade Secrets Act ("LUTSA") against all Defendants; (4) a violation of the Louisiana Unfair Trade Practices Act ("LUTPA") against all Defendants; (5) unjust enrichment against Anna; (6)  breach of fiduciary duty against Anna and Shauna; (7) defamation against all Defendants; and (8) conspiracy to commit fraud by all Defendants.

On July 24, 2019, a hearing on People Source's Motion for Preliminary Injunction was held [Doc. No. 46].  At the end of the hearing, the Court granted Defendants' Oral Motion to Dismiss the Motion for Preliminary Injunction against Anna, Kathy, Wayne, and Will Source.[3]

On July 30, 2019, a Report and Recommendation [Doc. No. 35] was adopted by the Court [Doc. No. 52], and the claims against Wayne for specific performance and breach of contract were dismissed.

Additionally, all claims against Williamson Consulting were dismissed, per joint motion, on March 23, 2020 [Doc. No. 77].

The case is set for trial by jury on July 12, 2021 [Doc. No. 88].

## II.     LAW AND ANALYSIS

Defendants Anna, Will Source, Kathy, and Wayne have filed a Motion for Summary Judgment [Doc. No. 94] and have additionally filed a Motion to Strike [Doc. No. 102] some of the evidence used by People Source in its Opposition [Doc. No. 100].

The Motion to Strike will be addressed first.

### A.  MOTION TO STRIKE

Under FED. R. CIV. P. 56(C)(2), "a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Hearsay

---

[3] People Source's motion was reserved against Shauna, who had not been served.  The motion was later dismissed without prejudice against Shauna [Doc. No. 60].

evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

However, it is not dispositive whether the disputed materials in their current form are admissible in evidence. At the summary judgment stage, materials cited to support or dispute a fact need only be capable of being presented in a form that would be admissible in evidence. *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quoting FED. R. CIV. P. 56(C)(2)).

Defendants move to strike the following items submitted by People Source in opposing Defendants' Motion for Summary Judgment:

(a)  David Bozalis Declaration [Doc. No. 100-3];

(b)  People Source's Responses to Shauna Brandley Discovery [Doc. No. 100-5];

(c)  Declaration of Scott Albritton [Doc. No. 100-6];

(d)  Declaration of Courtney Keefover and Petrin Production [Doc. No. 100-7]; and

(e)  Declaration of Emmett Reeves [Doc. No. 100-11].

**1.  David Bozalis Declaration**

Defendants move to strike items 6, 7, and 12 of David Bozalis ("Bozalis") Declaration, which relate to customer lists, contact information, candidates, and rates charged. This information is stored on the Avionte system at People Source. Bozalis declared only People Source employees can access this information by use of unique login credentials. Bozalis further declared that in her role as Area Manager of People Source, Anna Robertson had access to all of People Source's customer, employment, and financial information relating to its customers and business in Louisiana.

The Defendants' objection to this information is that it is not within Bozalis' personal knowledge. Defendants argue that Bozalis testified at the July 24, 2019 Preliminary Injunction Hearing that he did not have any personal knowledge as to which employees in the Monroe People Source office were able to access the Avionte Program or other People Source Servers.[4]

People Source argues that Bozalis' testimony was over a year and a half ago and that he has since educated himself with the system and has learned information he was not aware of. People Source maintains that this does not conflict with his earlier testimony because it is information he has learned since July 24, 2019.

There is no prohibition to learning new information. Whether this is a credible explanation will be determined at trial. The Court cannot make a credibility determination in a motion for summary judgment and will not exclude it for purposes of the opposition

The Motion to Strike is **DENIED** as to Bozalis' Declaration.

### 2. People Source's Responses to Shauna Bradley Discovery

Defendants object to People Source's discovery responses to Shauna [Doc. No. 100-5] because copies of the documents were not produced. Additionally, Defendants argue that the responses were neither verified nor certified by a person with personal knowledge but were signed only by counsel for People Source. Doc. No. 100-5 is a 21-page pleading entitled Plaintiff's Responses to Defendant Shauna Bradley's Interrogatories and Requests for Production of Documents. The responses were prepared by counsel for People Source with information provided by Courtney Keefover and Scott Albritton. The pleading was not verified by Keefover or Albritton. Additionally, none of the documents answered in the Request for Production portion of the pleading are attached.

---

[4] Preliminary Injunction Hearing Transcript, pp. 59, 60.

People Source maintains that the document was attached to provide context to the factual background of the lawsuit, and this is a request for purposeless relief.

The Court will strike this pleading and will not consider it for purposes of this motion for summary judgement. It is not within the personal knowledge of the attorney signing the document and is hearsay. Documents or evidence that have not been properly authenticated cannot support or defend against a motion for summary judgment. *Elwakin Railroad Management Co., LLC v. CFS Louisiana Midstream Co.*, 428 F.3d 214 (5th Cir. 2005).

The Motion to Strike is **GRANTED** as to People Source's Responses to Shauna Bradley Discovery.

### 3. Scott Albritton Declaration

Defendants seek to strike paragraphs 14-17 of Albritton's Declaration as irrelevant, superfluous, and designed to do nothing but attempt to engender prejudice against Defendants. These paragraphs refer to a meeting that took place at Will Source's office at 1600 Stubbs Avenue, in Monroe, Louisiana, after the resignation of employees on March 15, 2019.

People Source maintains this information is relevant to its conspiracy claims and the participation of some of the defendants in activity regarding Will Source.

This information is relevant to some of People Source's claims. The Motion to Strike paragraphs 14-17 of Scott Albritton's Declaration is **DENIED**.

### 4. Declaration of Courtney Keefover and Petrin Production in Response to People Source's Subpoena

Defendants seek to strike paragraphs 3-6, 11, 13-14, 15, and 17-19 of the Keefover Delcaration. Additionally, Defendants seek to strike Doc No. 100-9 (Will Source/ Petrin Service Agreement) and Doc. No. 100-10 (text messages) as not authenticated and/or hearsay.

In Paragraphs 3-6, Keefover discusses going into Anna's office on February 1, 2019 and learning that Anna was going to resign. Paragraphs 5 and 6 give additional details in regard to the mass resignations that were going to occur. Defendants move to strike these paragraphs because they are inconsistent with Keefover's testimony at the preliminary injunction hearing. At that hearing, Keefover testified that Anna told her on February 1, 2019 that she was going to resign but did not give any specifics.

People Source argues that Keefover's testimony was not inconsistent with her Declaration because she was not asked to give specific details.

An affidavit, declaration, or deposition that contradicts prior testimony cannot be used in a motion for summary judgement to create an issue of fact. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495-96 (5th Cir. 1996). Paragraphs 3 and 4 are consistent with Keefover's prior testimony, but paragraphs 5 and 6 are not. Keefover previously testified that Anna Robertson did not give any other specifics of her resignation. However, in paragraphs 5 and 6, Keefover gives additional specifics. Defendants' Motion to Strike paragraphs 3 and 4 is **DENIED** and Defendants' Motion to Strike paragraphs 5 and 6 of Keefover's Declaration is **GRANTED**.

Defendants maintain that in paragraph 11, People Source learned through discovery that Will Source executed a Service Agreement with Petrin on March 13, 2019, and by this testimony, attempts to certify and/or authenticate the Petrin Service Agreement which is not within her personal knowledge. Defendants further seek to strike the Petrin Service Agreement, which is attached as Exhibit 2 in her Declaration and is attached as Doc. No. 100-9 to People Source's Opposition.

People Source argues that the Petrin Service Agreement can be authenticated in other ways and that Defendants do not deny the agreement is authentic.

7

The Agreement may be authenticated in other ways at trial, but Courtney Keefover cannot authenticate it.[5] Therefore, the Petrin Service Agreement will not be considered by the Court in opposing Defendant's Motion for Summary Judgement. The Motion to Strike paragraph 11 of Keefover's Declaration is **GRANTED** and Exhibit 2 of Keefover's Declaration is also struck. Doc. No. 100-9 will be considered by the Court as it can be admissible at trial, if authenticated.

In paragraphs 13 and 14 of Keefover's Declaration, Keefover discusses a text message she received from Shauna Bradley on March 15, 2019 [Doc. No. 100-10]. This can be authenticated by Keefover and/or Shauna Bradly at trial, so the Motion to Strike paragraphs 13-14 and Doc. No. 100-10 is **DENIED**.

Defendants' also move to strike paragraph 15 of Keefover's Declaration in which she stated that Shauna and Anna had taken Kent Cupia to lunch to discuss the opening of Will Source. Defendants' objection is that there is no foundation to determine how Keefover obtained this information. There is no way to tell whether it was within her personal knowledge or not. Therefore, this Court will consider paragraph 15 and will **DENY** Defendants' Motion to Strike that paragraph.

The Motion to Strike paragraphs 17-19 is **DENIED** because those paragraphs are relevant to some of People Source's claims.

## 5. Declaration of Emmett Reeves

Defendants move to strike the Declaration of Emmett Reeves and the attachment thereto [Doc. No. 100-11] because Reeves was not identified as a witness in People Source's Rule 26 disclosures, preliminary witness list, answers to interrogatories, or supplemental discovery responses.

---

[5] People Source has listed no witnesses who can authenticate this document at trial.

People Source maintains that it notified Defendants that Emmett Reeves could serves as a potential witness on March 3, 2021 [Doc. No. 108-1] and supplemental discovery on March 10, 2021 [Doc. No. 108-2].

The discovery deadline in this case was January 25, 2021 [Doc. No. 88]. Although People Source did notify Defendants of the existence of Emmett Reeves and the check receipt on March 3 and March 10, 2021; it was after the discovery deadline. *Allen v. Royal Trucking Co.*, 2020 WL 6435280 (W.D. La. Nov. 2, 2020).

Defendant's Motion to Strike the Declaration of Emmett Reeves and the attachment [Doc. No. 100-11] is **GRANTED**.

Now, the Court will address the Motion for Summary Judgement.

### B.  MOTION FOR SUMMARY JUDGEMENT

### 1.  Summary Judgement

Summary judgment shall [be] grant[ed] … if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court

must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

### 2. Plaintiff's Causes of Action

People's Source has alleged the following causes of action against Anna, Wayne, Kathy, and Will Source:[6]

> (1st CA) Specific Performance (Kathy and Wayne)
>
> (2nd CA) Breach of Contract (Kathy and Wayne)
>
> (3rd CA) Louisiana Uniform Trade Secrets Act (all Defendants)
>
> (4th CA) Louisiana Unfair Trade Practices Act (all Defendants)
>
> (5th CA) Unjust Enrichment (Anna)
>
> (6th CA) Breach of Fiduciary Duty (Anna)
>
> (7th CA) Defamation (all Defendants)
>
> (8th CA) Conspiracy to Commit Fraud (all Defendants)

### 3. Specific Performance and Breach of Contract (1st and 2nd Causes of Action)

In People Source's First Amended Complaint [Doc. No. 24], People Source alleges that Wayne violated a consulting agreement with Williamson Consulting Group, L.L.C. ("WGC"), alleging Wayne is a principal of WGC. Additionally, People Source alleges that Wayne committed breach of contract of this same Consulting Agreement. However, on July 30, 2019 [Doc. No. 52], a Report and Recommendation [Doc. No. 35] was adopted by the court, and the claims against Wayne for specific performance and breach of contract were dismissed. Therefore, neither of the two claims remain against Wayne.

---

[6] The causes of action against Shauna Bradley are discussed in her separate Motion for Summary Judgement.

People Source further alleges in its First Amended complaint that Kathy agreed not to disclose any of People Source's proprietary business information and she is liable for specific performance and breach of contract. Specifically, People Source alleges that Kathy signed an employment agreement [Doc. No. 24-10]. A review of that Employment Agreement shows it became effective on February 1, 2016. It was previously determined at the Preliminary Injunction hearing on July 24, 2019 that there was no Employment Agreement in effect when the alleged actions took place in early 2019.

In her Affidavit, [Doc. No. 92-11], Kathy states that she did sign an Employment Agreement with People Source which had a two-year period effective from the time she left her employment with People Source. Kathy further verifies that her last day of employment with People Source was on July 29, 2016. Therefore, the provisions of the Employment Agreement would have expired on July 29, 2018, before any of the alleged actions took place.

Kathy also stated she never received a People Source Employee Handbook and never signed any document acknowledging receipt of the People Source Employee Handbook.

In its Opposition to Defendants' Motion for Summary Judgement [Doc. No. 100], People Source set forth no evidence of any written contract signed by Kathy which prohibited the alleged activity. Therefore, Wayne and Kathy are entitled to summary judgement on both causes of action.

### 4.  Defamation (7th Cause of Action)

In its First Amended Complaint [Doc. No. 24], People Source alleges that Anna, Kathy, Wayne, and Will Source committed defamation against People Source. Defendants maintain there is no evidence against them to support this claim. In its Opposition to Defendants' Motion for Summary Judgement [Doc. No. 100], People Source does not brief this issue or provide any evidence to support this cause of action.

To prove a claim of defamation, the plaintiff must prove defamatory words, publications, falsity, malice, and injury. *Associated Professional Educators of Louisiana v. Louisiana Federation of Teachers*, 981 So. 2d 242, 244 (La. App. 2nd Cir. 2008), writ denied, 992 So. 2d 928 (La. 2008).

People Source has provided no proof of defamation. Therefore, Anna, Kathy, Wayne, and Will Source are entitled to summary judgement on this cause of action.

### 5.   Unjust Enrichment (5th Cause of Action)

In People Source's First Amended Complaint [Doc. No. 24], it alleges a cause of action against Anna for unjust enrichment. Specifically, People Source alleges that Anna began wrongfully withholding commission payments due to employees, which resulted in increased bonuses for Anna.

Unjust enrichment is only a basis for recovery in the absence of any another viable remedy. The remedy of unjust enrichment is subsidiary in nature and shall not be available if the law provides another remedy. *Walters v. Midsouth Record Mgmt., LLC*, 38 So. 3d 243 (La. 2010).

People Source did not brief this issue or provide evidence to support it. Therefore, Anna is entitled to summary judgement on this cause of action.

### 6.   Louisiana Uniform Trade Secrets Act (3rd Cause of Action)

In its First Amended Complaint [Doc. No. 24], People Source alleges that Anna, Kathy, Wayne, and Will Source violated the Louisiana Uniform Trade Secrets Act (La. R.S. 51:1431, et seq) ("LUTSA") by appropriating confidential and proprietary business information and using it for their own benefit and/or for the benefit of Will Source.

A claim under LUTSA requires that the plaintiff establish (1) a trade secret existed, and (2) the trade secret was misappropriated by an employee. *Innovative Manpower Solutions, LLC v.*

*Ironman Staffing, LLC*, 929 F. Supp. 2d 597 (W.D. La. 2013). Additionally, courts have concluded that a third element exists: (3) the receiving party wrongfully misappropriated the information to the plaintiff's detriment. *Computer Management Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396 (5th Cir. 2000).

In opposing Defendant's Motion for Summary Judgement, People Source alleges that Anna misappropriated People Source's list of candidates on assignment with Petrin. People Source also alleges the Petrin Agreement with Will Source shows this information was misappropriated. However, as discussed earlier in this ruling, the Petrin Agreement cannot be authenticated by Courtney Keefover and will not be considered by this Court for purposes of this motion. Therefore, all People Source has proven is that Anna (while employed by them) emailed a list of people who worked for Petrin from May 2018 to February 1, 2019 to Shauna Bradley and Sunni Lawson (who were both also employed by People Source). This does not create a material issue of fact as to misappropriation.

In her Affidavit [Doc. No. 92-10], Anna stated that she only accessed Avionte and Outlook databases maintained by People Source during her employment for the sole purpose of fulfilling her job duties. She denied taking any confidential information from People Source and denied using any of this information for the benefit of Will Source.

There is no evidence that Kathy, Wayne, or Will Source misappropriated People Source's confidential information and/or used it in their business. Kathy [Doc. No. 92-11], Wayne [Doc. No. 92-12], and Anna [Doc. No. 92-10] all deny using any trade secrets or confidential information from People Source. People Source presents no evidence to prove they did.

Therefore, summary judgement is granted in favor of Anna, Wayne, Kathy, and Will Source as to this cause of action.

13

### 7.  Breach of Fiduciary Duty (6th Cause of Action)

People Source alleges that Anna breached a fiduciary duty she owed to People Source. As the People Source Regional Vice President for the Northwest Region, People Source alleges Anna had a fiduciary duty to them.

An employee owes his employer a duty to be loyal and faithful to the employer's interest and business. The employee is duty-bound not to act in opposition to the interest of the employer. However, this duty of allegiance does not rise to the level of a fiduciary duty unless the employee is also an agent or mandatory of his employer. *Innovative Manpower Solutions, LLC v. Ironman Staffing, LLC*, 929 F. Supp. 2d 597, 609 (W.D. La. 2013).

Innovative Manpower is analogous to the present case. The employee, Marcell (who was hired as manager of Innovative's facility), resigned on June 29, 2012. Marcell had signed an Employment Agreement and received a copy of the Employee Handbook, which contained language protecting Innovative's confidential information and trade secrets.

Prior to his resignation on June 29, 2012, Marcell decided to leave Innovative. He then registered Ironman Staffing, LLC with the Louisiana Secretary of State, registered the domain name www.ironmanstaff.com, leased a building for Ironman, set up a bank account, and other preliminary matters.

Innovative Manpower filed a complaint against Marcell and Ironman based on several causes of action, including breach of fiduciary duty, unfair and deceptive trade practices, and misappropriation of trade secrets. As to the breach of fiduciary duty claim, Innovative argued that Marcell, as manager, was not an ordinary employee. The Court found that Innovative had not met its burden of proving a likelihood of prevailing on the merits for breach of fiduciary duty.[7]

---

[7] The LUTPA claim in this case will be discussed in the next section.

Likewise, Anna was not an agent or mandatory of People Source that owed a fiduciary duty to the company. Anna was not an officer, director, or owner of People Source. Based on these facts, Anna is entitled to summary judgement on this cause of action.

## 8. Louisiana Unfair Trade Practices Act and Conspiracy to Commit Fraud (4th and 8th Cause of Action)

These two causes of action will be discussed together because the alleged conspiracy to commit fraud is the primary reason for People Source's allegations that defendants Anna, Kathy, Wayne, and Will Source violated the Louisiana Unfair Trade Practices Act ("LUTPA"). People Source alleges that all the defendants conspired together to form a new entity, Will Source, and conspired to take People Source's employees and clients.

LUTPA (La. R.S. 51:1401, et seq) makes "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful. *Newton v. Brenan*, 166 So. 3d 285, 289 (La. App. 5th Cir. 2014). Acts that constitute unfair or deceptive practices are not specifically defined in the statute and are instead determined by courts on a case-by-case basis. *Id*.

Under LUTPA, conduct is considered unlawful when it involves fraud, misrepresentation, deception, breach of fiduciary duty, or other unethical conduct. *Creative Risk Controls, Inc. v. Brechtel*, 847 So. 2d 20, 24 (La. App. 5th Cir. 2003).

A conspiracy is addressed in Louisiana Civil Code Article 2324. The actionable element in a claim is not the conspiracy, but rather the tort which the conspirators agree to perpetuate and which they commit in whole or in part. The plaintiff must also establish that there was an agreement as to the intended outcome or result. *Butz v. Lynch*, 710 So. 2d 1171 (La. App. 1st Cir. 1998). In this case, the alleged tort is fraud.

The statutory basis for fraud is set forth in Louisiana Civil Code Articles 1953 and 1954. In order to succeed on a fraud claim, plaintiff must prove the following elements: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to the contract. *Grigsby & Associates, Inc. v. City of Shreveport*, 294 F. Supp. 3d 529 (5th Cir. 2018).

People Source alleges that the conspiracy to commit fraud was the Defendants entering into an agreement to transfer People Source's Louisiana operations to Will Source and/or force People Source to sell its Louisiana operations to Wayne at a discount.

Defendants argue there is no fraud because there was no misrepresentation or suppression of the truth that substantially influenced People Source's course of conduct. In People Source's Opposition, it did not contest that an element of fraud requires a misrepresentation or suppression of the truth that substantially influenced People Source's course of conduct.

It is not necessary to determine whether there are any issues of material fact of a conspiracy because Defendants Anna, Kathy, Wayne, and Will Source are entitled to summary judgement on the cause of action for conspiracy to commit fraud inasmuch as there was no fraud. There is a missing element of the fraud claim because there was no misrepresentation nor suppression of the truth by any of the Defendants that substantially influenced People Source's course of conduct. Therefore, the cause of action for conspiracy to commit fraud fails.

The only issue remaining is whether there is a material issue of fact that Anna, Kathy, Wayne, or Will Source violated the LUTPA.

Wayne Williamson was a former owner of Snelling & Snelling Personal Franchise in Monroe, Louisiana and 75 other Snelling & Snelling locations. He previously founded Willstaff,

Inc. d/b/a Willstaff Worldwide, which had 91 locations 37 states. Williamson Consulting Group ("WCG") entered into a Consulting Agreement with People Source after People Source acquired Diversity One. Wayne never worked for People Source nor entered into any contracts with People Source.

Wayne declared [Doc. No. 92-12] that he is involved in Will Source as Kathy Williamson's husband and Anna Robertson's stepfather. He declared he never obtained or used People Source's confidential information in any way personally nor for Will Source. He further declared the forms for Will Source came from Willstaff Worldwide, Snelling & Snelling, or Diversity One. He denied having used any forms for Will Source that came from People Source.

Kathy Williamson is Wayne Williamson's wife and Anna Robertson's mother. She declared [Doc. No. 92-11] that she is currently employed with Will Source and that she owns 100% of Will Source. She further declared she previously worked for Snelling & Snelling, Willstaff Worldwide, and Advantage Resourcing. She was previously President and sole owner of Diversity One, Inc. On February 1, 2016, as Branch Manager, she signed an Employment Agreement with People Source. Her last day of work for People Source was on July 29, 2016. So, the two-year noncompete agreement in the Employment Agreement expired July 29, 2018.

Kathy denied using any of People Source's confidential information for Will Source. All the forms used by Will Source came from Snelling & Snelling and Willstaff Worldwide, not from People Source.

Anna Robertson is the daughter of Kathy and the stepdaughter of Wayne. She previously worked for Snelling & Snelling, Willstaff Worldwide, and Advantage Resourcing.

She began employment with People Source on July 16, 2016. She never signed an employment agreement with People Source or received the People Source Employee Handbook.

She denied ever accessing People Source's Avionte and Outlook databases for anything other than her job duties at People Source. She also denied taking or using any confidential information or trade secrets from People Source.

Anna declared [Doc. No. 92-10] that in August of 2018, Arkansas territories were taken from her, which reduced her compensation by $25,000.00 per year. In December of 2018, she was told by People Source owner David Bozalis that he was attempting to sell the Nashville People Source location, which would have further reduced her income. Due to these concerns, Anna decided to resign from People Source.

She is now employed by Will Source and serves as President. She does not have an ownership interest in Will Source. She resigned from People Source on March 15, 2019. She denied taking any confidential information from People Source to be used at Will Source. All the forms used at Will Source were prepared by Wayne and Kathy and did not come from People Source.

Will Source, Inc. was registered on September 18, 2020 with the Louisiana Secretary of State. The name of KB Will, a Delaware Corporation, was changed to Will Source, Inc. in Delaware on January 30, 2019 [Doc. No. 100-13].

The evidence considered[8] in People Source's Opposition shows the following proof by People Source to oppose Defendant's Motion for Summary Judgement:

David Bozalis' Declaration [Doc. No. 100-3] stating that Anna Robertson, as area manager, had access to all of People Source's customer, employment, and financial information relating to its customers and business in Louisiana.

---

[8] After the ruling on the Motion to Strike

Courtney Keefover's Declaration [Doc. No. 100-7] stating that Anna intended to resign from People Source on February 1, 2019. On February 4, 2019, Anna sent an email to Keefover, Shauna Bradley, and Sunni Lawson attaching a list of People Source's temporary employment candidates whose assignment at Petrin Corporation had ended between May 2018 and February 1, 2019. Keefover stated the spreadsheet mirrored the information and layout contained in People Source's Avionte base. Keefover further declared that Anna excluded all Petrin employment candidates that had a negative reason input into the "EndReason" field.

Keefover further declared she received a text message from Shauna Bailey in a group chat entitled "shut down pimps," which included Keefover, Shauna Bradley, Anna, Sunni Lawson, and Sarah Chestnut. A copy of the text was attached to the Declaration. The text message discussed Kevin (who Keefover says is Kevin Cupia, Senior Manager at Graphic Packaging) writing them to get with him next the week about a plan. Additionally, Keefover declared that Shauna Bradley had been in negotiations with Graphic Packaging to get a Service Agreement signed with Will Source.

Keefover also testified that after she resigned from People Source on March 15, 2019, she went to Will Source's office located at 1600 Stubbs Avenue, Monroe, LA. When Keefover arrived at the Will Source office, Kathy and Wayne Williamson were present. After Wayne said a prayer, Anna became emotional and stated she was thankful that Wayne had put $1.2 million dollars into Will Source to get the company off the ground.

In Scott Albritton's Declaration [Doc. No. 100-6], he stated he first learned that Anna Robertson intended to resign from People Source on March 11, 2019. Anna approached his desk and told him that a new company, Will Source, had been formed. Anna stated she would be

resigning from her employment with People Source on March 15, 2019, in order to become the acting President of Will Source.

Anna asked Albritton to come to work for Will Source. Albritton declared that Anna told him many of People Source's customers had already been contacted and informed of the creation of Will Source. Anna also told Albritton some of People Source's customers had already signed contracts and some of the customers that hadn't yet signed a contract with Will Source would be doing so the week of March 18, 2019.

Albritton further stated that Anna told him the rest of People Source's current employees would be engaging in a mass resignation on March 15, 2019, and that Albritton would be relieved of his obligations under his non-compete agreement with People Source if he engaged in the mass resignation. Albritton also declared that because all of People Source's current employees would be resigning and its customers moving to Will Source, David Bozalis would close People Source's Louisiana office and Albritton would be left without a job. Knowing this, Albritton agreed to participate in the mass resignation on March 15, 2019.

Albritton further declared that on March 14, 2019, Shauna Bradley told him the plan to form Will Source had been the topic of conversation between herself and Anna since the summer of 2018.

Albritton further declared that he went to Wayne Williamson's office on March 14, 2019 to discuss the move. Albritton stated Wayne told him that he "had David Bozalis right where he wanted him." Wayne also stated that because People Source's customers and employees would follow Anna, he would be able to force Bozalis to sell him the People Source offices and contents for a discount. Albritton further declared that Anna confirmed that the mass resignation would permit Wayne to buy back the Louisiana People Source locations for "pennies on the dollar."

After he resigned from People Source on March 15, 2019, he and other People Source employees went to Will Source's office on Stubbs Avenue in Monroe. He said at that meeting, after Wayne said a prayer, Anna became emotional and said she was thankful Wayne had put $1.2 million dollars into Will Source to get the company off the ground.

Under the LUTPA, the plaintiff must show the alleged conduct offends established public policy, and is immoral, unethical, oppressive, unscrupulous, or substantially injurious. Only egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct are actionable. The range of prohibited practices under LUTPA are extremely narrow. *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So. 3d 1053 (La. 2010).

In *Turner v. Purina Mills, Inc.*, the Court stated LUTPA does not prohibit sound business practices, the exercise of permissible business judgement, or appropriate free enterprise transactions. *Turner v. Purina Mills, Inc.*, 989 F.2d 1419 (5th Cir. 1993). The Court further stated that businesses in Louisiana are still free to pursue profit even at the expense of competitors so long as the means used are not egregious, and the intent to eliminate competition does not, by itself, violate LUTPA. *Id.*

The following language by the Supreme Court of Louisiana in *Cheramie* is applicable to the present situation:

> LUTPA does not prohibit sound business practices, the exercise of permissible business judgement, or appropriate free enterprise transactions. The statute does not forbid a business to do what everyone knows a business must do: make money. Businesses in Louisiana are still free to pursue profit, even at the expense of competitors, so long as the means used are not egregious. Finally, the statute does not provide an alternate remedy for simple breaches of contract. There is a great deal of daylight between a breach of contract claim and the egregious behavior the statute prescribes.
>
> Furthermore, at-will employees are free to exercise their right to change employment, even if they decide to work for a competitor of their former employer…The spirit of free labor permits every person to better his condition if

he can lawfully do so…A corollary to this principle is the general rule denying the liability of competitors who lure away at-will employees, in the absence of a showing that the competitor had an unlawful or improper purpose or used unlawful or improper means…The courts are concerned not only with the interest of competing employers, but also with the employee's interest; the interest of the employee in his own mobility and betterment are deemed paramount to the competitive interest of the employers, where neither the employee nor his new employer has committed any illegal act accompanying the employment change…Therefore, only egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct will be sanctioned based on LUTPA.

*Cheramie*, 35 So. 3d at 1060.

In this case, there has been no evidence that any of the Defendants misappropriated or used trade secrets or confidential information for the benefit of Will Source. Wayne did not work for People Source and had no agreement with People Source prohibiting his activity. Kathy previously worked for People Source and had an Employment Agreement with People Source, but the two-year limitation in the agreement had expired. Anna worked for People Source but had no Employment Agreement with them. Will Source was formed to compete with People Source, but there is no legal prohibition against this.

There were no legal impediments to the Defendants' actions. Although it is clear Anna was involved in the planning of Will Source while she worked for People Source, she did not sign an employment agreement from People Source restricting that. Anna was also not prohibited from soliciting People Source employees to work for Will Source. Anna was an "at-will" employee who could leave whenever she wanted to.

In the previously discussed case of *Innovative Manpower Solutions, LLC v. Ironman Staffing, LLC*, Innovative Manpower also made a LUTPA claim against Ironman Staffing and Marcell. *Innovative Manpower Solutions, LLC v. Ironman Staffing, LLC*, 929 F.Supp. 2d 597

(W.D. La. 3/7/2013). The evidence showed that Marcell created Ironman Staffing to compete against Innovative Manpower while Marcell was still employed by Innovative Manpower. *Id.*

Innovative Manpower alleged Marcell and Ironman Staffing violated LUTPA by (1) setting up a brand new competing company and then commencing operations in the same market at Innovative Manpower; (2) using Innovative's employees to assist in setting up a new company; (3) terminating most of Innovative's employees effective July 1, 2012, only to turn around and rehire them as Ironman's employees on July 2, 2012; (4) conducting negotiations with all of Innovative's arms-length customers amounting to about $9 million of annual revenue; (5) interfering with and impairing Innovative's Service Agreement with 100% of their arms-length customers; (6) entering into competing Service Agreements with those customers; and (7) using a mark virtually identical to Innovative's.

The Court found that Marcell and/or Ironman Staffing's actions did not violate LUTPA. Similarly, this Court finds that even considering the evidence presented by People Source in opposing Defendants' Motion for Summary Judgement, Defendants have not violated LUTPA. Louisiana has a strong public policy interest against restricting competition. Defendants are entitled to summary judgement on this claim.

### III.    Conclusion

For the reasons set forth herein, the Motion for Summary Judgement [Doc. No. 94] filed by Anna, Kathy, Wayne, and Will Source is **GRANTED**.

MONROE, LOUISIANA, this 3rd day of June, 2021.

_____
Terry A. Doughty
United States District Judge